ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| ROBERT N. COGAR, et al., | CASE NO.  5:06CV2053 |
| Plaintiffs, | |
| | JUDGE JOHN R. ADAMS |
| v. | |
| | <u>ORDER</u> |
| HOLMES COUNTY, OHIO, et al. | |
| Defendants. | |

This action is before the Court upon plaintiffs' Motion to Dismiss Complaint Without Prejudice (Doc. 18), filed on October 19, 2006.  The Court has reviewed the motion, memorandum in opposition of the Judicial Defendants (Doc. 19), and memorandum in opposition of the Holmes County Defendants (Doc. 20).  Defendants request that any dismissal be with prejudice.  For the reasons set forth below, the Court will not dismiss the complaint without prejudice.

On August 28, 2006, the plaintiffs filed a complaint against the Holmes County Defendants and the Judicial Defendants.  At the time the within one-sentence motion was filed, the plaintiffs memorandum in opposition to the Motions to Dismiss of the Judicial Defendants (Doc. 9) and the Holmes County Defendants (Doc. 16) was due. *See* Order (Doc. 17).

Voluntary dismissals are governed by Fed. R. Civ. P. 41(a) which provides in pertinent part:

\* \* \* \*

**(2) By Order of Court.**  Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance *save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order*, a dismissal under this paragraph is without prejudice. (Emphasis added.)

Whether dismissal should be granted pursuant to Rule 41(a)(2) is within the sound discretion of this Court. *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). The principal objective of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990). Generally, an abuse of discretion is found only where a defendant would suffer some plain legal prejudice as a result of a dismissal without prejudice, as opposed to the mere prospect of a second lawsuit. *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)*; Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

In *Pace v. Southern Express Co.*, 409 F.2d 331 (7th Cir. 1969), the Court of Appeals for the Seventh Circuit set forth several factors for courts to weigh in determining whether a defendant will suffer plain legal prejudice as a result of the dismissal of an action without prejudice:

> . . . the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.

*Id.* at 334; *Grover by Grover*, 33 F.3d at 718.

The Court finds that the Holmes County Defendants and the Judicial Defendants have demonstrated that they have or will suffer plain legal prejudice if the Court were to allow the plaintiffs to voluntarily dismiss their complaint without prejudice. Therefore, the Court agrees with the defendants that dismissal with prejudice is an appropriate Rule 41(a)(2) condition.

Plaintiffs are entitled to notice of the Court's intention, as well as an opportunity to be heard in opposition and a chance to withdraw their motion altogether. *See United States v. One Tract of Real Property*, 95 F.3d 422, 425-26 (6th Cir. 1996); *Marlow v. Winston & Strawn*,

19 F.3d 300, 305 (7th Cir. 1994). There are, after all, significant legal consequences arising from a dismissal with prejudice. *See One Tract*, 95 F.3d at 426 (*res judicata*); *Horton v. TWA Corp.*, 169 F.R.D. 11, 18 (E.D.N.Y. 1996) (with-prejudice determination generally strips the court of the power to require payment of defendant's attorney fees); *Nippy, Inc. v. Pro Rok, Inc.*, 932 F.Supp. 41, 45 (D.P.R. 1996). Accordingly,

Plaintiffs may refuse this Court's Rule 41(a)(2) dismissal condition, and withdraw their Motion to Dismiss Complaint Without Prejudice on or before **October 30, 2006**. Failure to timely withdraw shall constitute a binding election to accept the condition of dismissal with prejudice. *See Unioil, Inc. v. E.F. Hutton & Co., Inc.*, 809 F.2d 548, 555 (9th Cir. 1986), *cert. denied*, 484 U.S. 822 (1987).

IT IS SO ORDERED.

| October 23, 2006 | */s/ John R. Adams* |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |